**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
3990 Old Town Ave., Suite C204
San Diego, CA 92110
Telephone: (619)892-7095
Facsimile: (858) 404-9203

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA RAMIREZ, an individual, on behalf of herself and on behalf of all persons similarly situated, | Case No: 18-CV-2852-BEN-KSC |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| v. | 1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*; |
| CAREFUSION RESOURCES, LLC, a Limited Liability Company; and DOES 1-50, Inclusive, | 2) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*; |
| Defendants. | 3) FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| | 4) FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| | 5) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; |
| | 6) FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and |
| | 7) VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698 *et seq* |
| | **DEMAND FOR A JURY TRIAL** |

1

Plaintiff Lisa Ramirez ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## PRELIMINARY ALLEGATIONS

1.    Defendant CareFusion Resources, LLC ("DEFENDANT") is a limited liability company and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.    DEFENDANT specializes in medical technology which aims to both reduce medication errors and to prevent healthcare associated infections. DEFENDANT is a subsidiary of Becton, Dickinson and Company.

3.    PLAINTIFF was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from October 2016 to November 2017. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages.

4.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the original Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.    PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate

**FIRST AMENDED CLASS ACTION COMPLAINT**

these employees for all their overtime worked. DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this First Amended Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this First Amended Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged

7.      The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the

**FIRST AMENDED CLASS ACTION COMPLAINT**

CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees

## **THE CONDUCT**

8.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their overtime worked. DEFENDANT unlawfully and unilaterally failed to accurately calculate wages for overtime worked by PLAINTIFFS and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct overtime compensation. As a result, PLAINTIFFS and the other members of the CALIFORNIA CLASS forfeited wages due them for working overtime without compensation at the correct overtime rates. DEFENDANT's uniform policy and practice to not pay the members of the CALIFORNIA CLASS the correct overtime rate for all overtime worked in accordance with applicable law is evidenced by DEFENDANT's business records.

9.     State law provides that employees must be paid overtime at one-and-one-halftimes their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

10.     The second component of PLAINTIFF'S and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFFS and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as

part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

12.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period each workday in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other

**FIRST AMENDED CLASS ACTION COMPLAINT**

CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice

13.    During the CALIFORNIA CLASS PERIOD, from time to time, PLAINTIFF and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

14.    When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to

6

PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.    By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.(the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

16.    Specifically as to PLAINTIFF'S pay, DEFENDANT provided compensation to her in the form of two components. One component of PLAINTIFF'S compensation was a base hourly wage. The second component of PLAINTIFF'S compensation were non-discretionary incentive wages. DEFENDANT paid the incentive wages, so long as PLAINTIFFS met certain predefined performance requirements. PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout his employment with DEFENDANT and DEFENDANT paid PLAINTIFF the incentive wages. During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF'S regular rate of pay for the purposes of calculating

what should have been PLAINTIFF'S accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout her employment with DEFENDANT. The incentive compensation paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF'S "regular rate of pay." PLAINTIFF was also from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal period each workday in which he was required by DEFENDANT to work ten (10) hours of work. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. DEFENDANT also provided PLAINTIFF with a paystub that failed to accurately display PLAINTIFF'S correct rates of overtime pay and payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code § 226(a). To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation still owed to them or any penalty wages owed to them under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

**FIRST AMENDED CLASS ACTION COMPLAINT**

18.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS

## THE CALIFORNIA CLASS

19.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the original Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

20.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

21.    The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab.

**FIRST AMENDED CLASS ACTION COMPLAINT**

Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIALABOR SUB-CLASS qualify for exemption from the above requirements.

22.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

23.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the "regular rate of pay" by including the incentive compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT. DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS

FIRST AMENDED CLASS ACTION COMPLAINT

Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code§§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

24.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq*. At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq*.

25.    The CALIFONRIA CLASS is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

26.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

   a.  Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CALIFORNIA CLASS for all overtime worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

   b.  Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.,* by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFF and the members of the CALIFORNIA CLASS;

**FIRST AMENDED CLASS ACTION COMPLAINT**

c.  Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members;

27.  The Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc.  § 382, in that:

a.  The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

b.  Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this First Amended Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

c.  The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was subjected to the uniform employment practices of DEFENDANT and was a non-exempt employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby systematically under pays overtime compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or

**FIRST AMENDED CLASS ACTION COMPLAINT**

identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and

d. The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

28. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

a. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

   i. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or;

   ii. Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

b. The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA

**FIRST AMENDED CLASS ACTION COMPLAINT**

CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due, including the correct overtime rate, for all time worked by the members of the CALIFORNIA CLASS as required by law;

    i. With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

c. Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    i. The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

**FIRST AMENDED CLASS ACTION COMPLAINT**

ii. Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

1. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or;

2. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

iii. In the context of wage litigation, because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and

iv. A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

29. The Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

a. The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual

**FIRST AMENDED CLASS ACTION COMPLAINT**

CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS.

b. A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

c. The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

d. PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

e. There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

f. There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

g. DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

**FIRST AMENDED CLASS ACTION COMPLAINT**

h. The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and

i. Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

30. DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the First Amended Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

31. PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, and Seventh causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the original complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

32. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice

whereby DEFENDANT failed to correctly calculate overtime compensation for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the First Amended complaint to include any additional job titles of similarly situated employees when they have been identified.

34.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable

35.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

      a.  Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

      b.  Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

c. Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS;

d. Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

e. Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

f. Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

g. The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and

h. Whether DEFENDANT's conduct was willful.

36. DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFF, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

37. DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

FIRST AMENDED CLASS ACTION COMPLAINT

a. Violating Cal. Lab. Code §§ 510, *et seq*., by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

b. Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

c. Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and

d. Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

38. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

a. The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

**FIRST AMENDED CLASS ACTION COMPLAINT**

b. Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this First Amended Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

c. The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABORSUB-CLASS, was a non-exempt employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and

d. The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIALABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

**FIRST AMENDED CLASS ACTION COMPLAINT**

39.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

    a. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

        i. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or

        ii. Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

    b. The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due, including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

    c. Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual

**FIRST AMENDED CLASS ACTION COMPLAINT**

CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

i.  The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

ii.  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

1.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

2.  Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

iii.  In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the

**FIRST AMENDED CLASS ACTION COMPLAINT**

Class Action is the only means to assert their claims through a representative; and,

iv. A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

40. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

a. The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

b. A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

c. The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

d. PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

e. There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations

24

and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

f.  There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

g.  DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

h.  The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and

i.  Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

//
//
//
//
//
//
//

**FIRST AMENDED CLASS ACTION COMPLAINT**

# FIRST CAUSE OF ACTION

## UNLAWFUL BUSINESS PRACTICES

## (Cal. Bus. And Prof. Code §§ 17200, *et seq.*)

## (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

41.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

42.    DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof. Code § 17021.

43.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

44.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 206.5, 226.7, 510, 512, 558, 1194, 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

**FIRST AMENDED CLASS ACTION COMPLAINT**

45.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

46.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due for overtime worked, failed to accurately to record the applicable rate of all overtime worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

47.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

48.    By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

49.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of

**FIRST AMENDED CLASS ACTION COMPLAINT**

work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

50. PLAINTIFF further demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

51. By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all overtime worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

52. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

53. PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all overtime worked.

54. PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be

**FIRST AMENDED CLASS ACTION COMPLAINT**

issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

55.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION
### (Cal. Lab. Code §§ 204, 510, 1194 and 1198)

**(Alleged By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS against ALL Defendants)**

56.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

57.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

58.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

59.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amount specified by law.

60.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

61.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked and correct applicable overtime rate for the amount of overtime they worked. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

62.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

63.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the

applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

64.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

65.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this First Amended Complaint. Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waivable rights provided by the State of California.

66.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked than they were entitled to, constituting a failure to pay all earned wages.

67.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

**FIRST AMENDED CLASS ACTION COMPLAINT**

68.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

69.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

70.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

71.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-

CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED MEAL PERIODS
### (Cal. Lab. Code §§ 226.7 & 512)
### (Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all Defendants)

72.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

73.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were often not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS

therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

74. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

75. As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FOURTH CAUSE OF ACTION

**FAILURE TO PROVIDE REQUIRED REST PERIODS**
**(Cal. Lab. Code §§ 226.7 & 512)**
**(Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all Defendants)**

76. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

77. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

34

Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

78.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

79.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS
### (Cal. Lab. Code § 226)

### (Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all Defendants)

80.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

81.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

   a.  Gross wages earned;

   b.  Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from

**FIRST AMENDED CLASS ACTION COMPLAINT**

payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

c. The number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

d. All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

e. Net wages earned;

f. The inclusive dates of the period for which the employee is paid;

g. The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement;

h. The name and address of the legal entity that is the employer; and

i. All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.    When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the

corresponding amount of time worked at each hourly rate. Aside from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

83.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

//

//

//

//

//

//

**FIRST AMENDED CLASS ACTION COMPLAINT**

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY WAGES WHEN DUE

## (Cal. Lab. Code §§201, 202, 203)

## (Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all Defendants)

84.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

85.    Cal. Lab. Code § 200 provides that:

As used in this article:(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation. (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

86.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

87.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

**FIRST AMENDED CLASS ACTION COMPLAINT**

88.    There was no definite term in PLAINTIFF'S or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

89.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

90.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages, to these employees who actually worked overtime, as required by law.

91.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT

## [Cal. Lab. Code §§ 2698 et seq.]

## (Alleged by PLAINTIFF against all Defendants)

92.    PLAINTIFF realleges and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

93.    PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who does so as the proxy or agent of the state's labor law enforcement agencies.   An action to

**FIRST AMENDED CLASS ACTION COMPLAINT**

recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.    The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." (Stats. 2003, ch. 906, § 1). Accordingly, PAGA claims cannot be subject to arbitration.

94.    PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, bring this Representative Action on behalf of the State of California with respect to herself and all individuals who are or previously were employed by DEFENDANT and classified as non-exempt employees in California during the time period of November 16, 2017  until the present (the "AGGRIEVED EMPLOYEES").

95.    On November 16, 2018, PLAINTIFF gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.    See Exhibit #1, attached hereto and incorporated by this reference herein.    The statutory waiting period for PLAINTIFF to add these allegations to the Complaint has expired.    As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

96.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendant (a) failed to pay PLAINTIFF and other AGGRIEVED EMPLOYEES overtime wages, (b) failed to provide PLAINTIFFS and other AGGRIEVED EMPLOYEES legally required meal and

**FIRST AMENDED CLASS ACTION COMPLAINT**

rest breaks, (c) failed to provide accurate itemized wage statements, and (d) failed to timely pay wages, all in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 201, 202, 203, 204, 226, 226(a), 226.7, 510, 512, 1194, 1198, and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct. PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

97.    Some or all of the conduct and violations alleged herein occurred during the PAGA PERIOD.  To the extent that any of the conduct and violations alleged herein did not affect PLAINTIFF during the PAGA PERIOD, PLAINTIFF seeks penalties for those violations that affected other AGGRIEVED EMPLOYEES.  (*Carrington v. Starbucks Corp*. (2018) 30 Cal.App.5th 504, 519; See also *Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal. App. 5th 745, 751 ["PAGA allows an "aggrieved employee"—a person affected by **at least one** Labor Code violation committed by an employer—**to pursue penalties for all the Labor Code violations committed by that employer**."], Emphasis added, reh'g denied (June 13, 2018).)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

    a. That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    b. An order temporarily, preliminarily and permanently enjoining and

restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

c. An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFFS and the other members of the CALIFORNIA CLASS; and

d. Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

a. That the Court certify the Second, Third, Fourth, Fifth, and Sixth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

b. Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

c. Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

d. The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226; and

e. The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the

**FIRST AMENDED CLASS ACTION COMPLAINT**

same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004

4. On all claims:

   a. An award of interest, including prejudgment interest at the legal rate;

   b. Such other and further relief as the Court deems just and equitable; and

   c. An award of penalties, attorneys' fees and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code § 218.5, § 226, §1194 and/or §2802.

DATED:   August 19, 2019

**ZAKAY LAW GROUP, APLC**

By: _/s/ Shani O. Zakay_

      Shani O. Zakay
      Attorney for Plaintiff

**FIRST AMENDED CLASS ACTION COMPLAINT**

## **DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

DATED: August 19, 2010

**ZAKAY LAW GROUP, APLC**

By: _/s/ Shani O. Zakay_

Shani O. Zakay
Attorney for Plaintiff

39664785.1

**FIRST AMENDED CLASS ACTION COMPLAINT**

# EXHIBIT 1



Client #17801                                                        **November 16, 2018**

<u>**Via Online Filing to LWDA and Certified Mail to Defendant**</u>
**Labor and Workforce Development Agency**
Online Filing

**CareFusion Resources LLC**
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Re:    <u>**Notice of Violations of California Labor Code Sections 201, 202, 203, 204, 226, 226(a),**</u>
       <u>**226.7, 510, 512, 1194, 1198,  Violation of Applicable Industrial Welfare Commission**</u>
       <u>**Wage Order(s), and Pursuant to California Labor Code Section 2699.5**</u>

Dear Sir/Madam:

Our offices represent Plaintiff Lisa Ramirez("Plaintiff"), and other aggrieved employees in a lawsuit against CareFusion Resources, LLC. ("Defendant"). Plaintiff was employed by Defendant in California from October 2016 to November 2017 as a nonexempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control, including overtime worked. Defendant, however, unlawfully failed to record and pay Plaintiff and other aggrieved employees for all of their time worked, including overtime wages, and for all of their missed meal and rest breaks. As a consequence of the aforementioned violations, Plaintiff further contends that Defendants failed to provide accurate wage statements to him, and other aggrieved employees, in violation of California Labor Code section 226(a). Additionally, Plaintiff contends that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began and ended each shift and meal period. Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226, 226(a), 226.7, 510, 512, 1194, 1198, violates the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint by Plaintiff against Defendant, which (1) identifies the alleged violations, (2) details the facts and theories which support the alleged violations, (3) details the specific work performed by Plaintiff, (4) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (5) sets forth the illegal practices used by Defendants, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached

Page 2 of 2
November 16, 2018
Ramirez v. CareFusion Resources

Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Relations Accounting unit with an identification of the Plaintiff, the Defendant and the notice. The lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions or concerns, please do not hesitate to contact me at the above number and address.

Sincerely,

Shani O. Zakay
Attorney for Lisa Ramirez

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
5850 Oberlin Drive, Ste. 230A
San Diego, CA 92121
Telephone: (619)892-7095
Facsimile: (858) 404-9203
Website: www.zakaylaw.com

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF COUNTY OF SAN DIEGO**

| | |
|---|---|
| LISA RAMIREZ, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CAREFUSION RESOURCES, LLC, a Limited Liability Company; and DOES 1-50, Inclusive,<br><br>        Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*;<br>2) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*;<br>3) FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>4) FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>6) FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203<br><br>**DEMAND FOR A JURY TRIAL** |

//

//

**CLASS ACTION COMPLAINT**

Plaintiff Lisa Ramirez ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## PRELIMINARY ALLEGATIONS

1.    Defendant CareFusion Resources, LLC ("DEFENDANT") is a limited liability company and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.    DEFENDANT specializes in medical technology which aims to both reduce medication errors and to prevent healthcare associated infections.  DEFENDANT is a subsidiary of Becton, Dickinson and Company.

3.    PLAINTIFF was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from October 2016 to November 2017. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages.

4.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.    PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees for all their overtime worked. DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due to

PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged

7.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees

//

//

//

//

**CLASS ACTION COMPLAINT**

1

## THE CONDUCT

2

3      8.      During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

4   to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

5   CLASS for their overtime worked. DEFENDANT unlawfully and unilaterally failed to

6   accurately calculate wages for overtime worked by PLAINTIFFS and other members of the

7   CALIFORNIA CLASS in order to avoid paying these employees the correct overtime

8   compensation. As a result, PLAINTIFFS and the other members of the CALIFORNIA CLASS

9   forfeited wages due them for working overtime without compensation at the correct overtime

10  rates. DEFENDANT's uniform policy and practice to not pay the members of the

11  CALIFORNIA CLASS the correct overtime rate for all overtime worked in accordance with

    applicable law is evidenced by DEFENDANT's business records.

12      9.      State law provides that employees must be paid overtime at one-and-one-

13  halftimes their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members

14  were compensated at an hourly rate plus incentive pay that was tied to specific elements of an

15  employee's performance.

16      10.     The second component of PLAINTIFF'S and other CALIFORNIA CLASS

17  Members' compensation was DEFENDANT's non-discretionary incentive program that paid

18  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

19  performance for DEFENDANT. The non-discretionary incentive program provided all

20  employees paid on an hourly basis with incentive compensation when the employees met the

21  various performance goals set by DEFENDANT. However, when calculating the regular rate of

22  pay in order to pay overtime to PLAINTIFFS and other CALIFORNIA CLASS Members,

23  DEFENDANT failed to include the incentive compensation as part of the employees' "regular

24  rate of pay" for purposes of calculating overtime pay. Management and supervisors described

25  the incentive program to potential and new employees as part of the compensation package. As

26  a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

27  CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted

28

4

in a systematic underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

12.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period each workday in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice

13.    During the CALIFORNIA CLASS PERIOD, from time to time, PLAINTIFF and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10)

**CLASS ACTION COMPLAINT**

minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

14.     When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.(the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of

**CLASS ACTION COMPLAINT**

the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

16.     Specifically as to PLAINTIFF'S pay, DEFENDANT provided compensation to her in the form of two components. One component of PLAINTIFF'S compensation was a base hourly wage. The second component of PLAINTIFF'S compensation were non-discretionary incentive wages. DEFENDANT paid the incentive wages, so long as PLAINTIFFS met certain predefined performance requirements. PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout his employment with DEFENDANT and DEFENDANT paid PLAINTIFF the incentive wages. During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF'S regular rate of pay for the purposes of calculating what should have been PLAINTIFF'S accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout her employment with DEFENDANT. The incentive compensation paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF'S "regular rate of pay." PLAINTIFF was also from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal period each workday in which he was required by DEFENDANT to work ten (10) hours of work. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. DEFENDANT also provided PLAINTIFF with a paystub that failed to accurately display PLAINTIFF'S correct rates of overtime pay and payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code § 226(a). To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation still owed to them or any penalty wages

7

owed to them under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

18.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS

## THE CALIFORNIA CLASS

19.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

20.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

**CLASS ACTION COMPLAINT**

21.    The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIALABOR SUB-CLASS qualify for exemption from the above requirements.

22.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

23.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the "regular rate of pay" by including the incentive compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT. DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable

**CLASS ACTION COMPLAINT**

overtime rate for all overtime worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code§§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

24.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq*. At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq*.

25.    The CALIFORNIA CLASS is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

26.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

    a.    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CALIFORNIA CLASS for all overtime worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

    b.    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.,* by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFF and the members of the CALIFORNIA CLASS;

    c.    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to

**CLASS ACTION COMPLAINT**

provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members;

27.    The Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

a.    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

b.    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

c.    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was subjected to the uniform employment practices of DEFENDANT and was a non-exempt employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby systematically under pays overtime compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and

d.    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.

**CLASS ACTION COMPLAINT**

Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

28.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

a.    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

i.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or;

ii.    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

b.    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due, including the correct overtime rate, for all time worked by the members of the CALIFORNIA CLASS as required by law;

i.    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

12

**CLASS ACTION COMPLAINT**

c.  Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

i.  The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

ii.  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

1.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or;

2.  Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

iii.  In the context of wage litigation, because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a

**CLASS ACTION COMPLAINT**

subsequent employer, the Class Action is the only means to assert their claims through a representative; and

iv. A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

29. The Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

a. The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS.

b. A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

c. The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

d. PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

e. There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

14

**CLASS ACTION COMPLAINT**

f.  There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

g.  DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

h.  The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and

i.  Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

30.  DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

31.  PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, and Seventh causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

32.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime compensation for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

34.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable

35.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

a.    Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

**CLASS ACTION COMPLAINT**

b. Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

c. Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS;

d. Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

e. Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

f. Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

g. The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and

h. Whether DEFENDANT's conduct was willful.

36.    DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFF, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

37.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

a.  Violating Cal. Lab. Code §§ 510, *et seq*., by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

b.  Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

c.  Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and

d.  Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

38.  This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

a.  The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

b.  Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-

**CLASS ACTION COMPLAINT**

CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

c.  The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABORSUB-CLASS, was a non-exempt employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and

d.  The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIALABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

39.  In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

a.  Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

**CLASS ACTION COMPLAINT**

  i. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or

  ii. Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

b. The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due, including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

c. Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

  i. The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

**CLASS ACTION COMPLAINT**

ii.  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

1.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

2.  Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

iii.  In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

iv.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

40.  This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

a.  The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

**CLASS ACTION COMPLAINT**

b.   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

c.   The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

d.   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

e.   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

f.   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

g.   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

h.   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and

**CLASS ACTION COMPLAINT**

i.  Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES

### (Cal. Bus. And Prof. Code §§ 17200, *et seq.*)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

41.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

42.    DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof. Code § 17021.

43.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

44.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 206.5, 226.7, 510, 512, 558, 1194, 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may

23

be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

45.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

46.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due for overtime worked, failed to accurately to record the applicable rate of all overtime worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

47.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

48.    By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

49.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

**CLASS ACTION COMPLAINT**

1    for each workday in which a second off-duty meal period was not timely provided for each ten

2    (10) hours of work.

3        50.    PLAINTIFF further demands on behalf of herself and on behalf of each

4    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

5    was not timely provided as required by law.

6        51.    By and through the unlawful and unfair business practices described herein,

7    DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

8    other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

9    and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

10   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

11   to unfairly compete against competitors who comply with the law.

12       52.    All the acts described herein as violations of, among other things, the Industrial

13   Welfare Commission Wage Orders, the California Code of Regulations, and the California

14   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

15   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

16   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

17       53.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

18   and do, seek such relief as may be necessary to restore to them the money and property which

19   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

20   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

21   unfair business practices, including earned but unpaid wages for all overtime worked.

22       54.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

23   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

24   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

25   engaging in any unlawful and unfair business practices in the future.

26       55.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

27   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

28   of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As

**CLASS ACTION COMPLAINT**

a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION
### (Cal. Lab. Code §§ 204, 510, 1194 and 1198)

**(Alleged By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS against ALL Defendants)**

56.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

57.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

58.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

59.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amount specified by law.

60.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

61.     DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked and correct applicable overtime rate for the amount of overtime they worked. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

62.     DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

63.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

64.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

65.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained

27

herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waivable rights provided by the State of California.

66.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked than they were entitled to, constituting a failure to pay all earned wages.

67.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

68.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

69.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

70.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

71.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE REQUIRED MEAL PERIODS**
**(Cal. Lab. Code §§ 226.7 & 512)**
**(Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all Defendants)**

72.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

73.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other

CALIFORNIA LABOR SUB-CLASS Members were often not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

74.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

75.     As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## **FOURTH CAUSE OF ACTION**

### **FAILURE TO PROVIDE REQUIRED REST PERIODS**
**(Cal. Lab. Code §§ 226.7 & 512)**
**(Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all Defendants)**

76.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

77.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second

and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

78.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

79.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## **FIFTH CAUSE OF ACTION**

### **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS (Cal. Lab. Code § 226)**

**(Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all Defendants)**

80.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

81.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

    a.    Gross wages earned;

    b.    Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

c.   The number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

d.   All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

e.   Net wages earned;

f.   The inclusive dates of the period for which the employee is paid;

g.   The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement;

h.   The name and address of the legal entity that is the employer; and

i.   All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.   When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

**CLASS ACTION COMPLAINT**

83. DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY WAGES WHEN DUE

### (Cal. Lab. Code §§201, 202, 203)

### (Alleged by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and against all Defendants)

84. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

85. Cal. Lab. Code § 200 provides that:

As used in this article:(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation. (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

86. Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

33

**CLASS ACTION COMPLAINT**

87.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

88.    There was no definite term in PLAINTIFF'S or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

89.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

90.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages, to these employees who actually worked overtime, as required by law.

91.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

//

//

//

//

//

//

34

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   a. That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

   b. An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

   c. An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFFS and the other members of the CALIFORNIA CLASS; and

   d. Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

   a. That the Court certify the Second, Third, Fourth, Fifth, and Sixth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

   b. Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

   c. Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

   d. The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

1    an award of costs for violation of Cal. Lab. Code § 226; and

2    e.    The wages of all terminated employees from the CALIFORNIA LABOR SUB-

3          CLASS as a penalty from the due date thereof at the same rate until paid or until

4          an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

5    3.    On all claims:

6    a.    An award of interest, including prejudgment interest at the legal rate;

7    b.    Such other and further relief as the Court deems just and equitable; and

8    c.    An award of penalties, attorneys' fees and costs of suit, as allowable under the

9          law, including, but not limited to, pursuant to Labor Code § 218.5, § 226, §1194

10         and/or §2802.

12   DATED:    November 16, 2018

14                            **ZAKAY LAW GROUP, APLC**

16                  By:_____
                        Shani O. Zakay
17                      Attorney for Plaintiff

**CLASS ACTION COMPLAINT**

1

## DEMAND FOR A JURY TRIAL

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4  DATED:   November 16, 2018

5

6             **ZAKAY LAW GROUP, APLC**

7

8       By:_____
             Shani O. Zakay
9            Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**